OPINION
Defendant-appellant, Craig A. Jones, appeals from the September 25, 2001 judgment of the Franklin County Court of Common Pleas, finding him guilty of attempted carrying a concealed weapon, and sentencing appellant to 11 months incarceration. For the reasons that follow, we reverse the judgment of the trial court.
On March 31, 2001, at 12:30 a.m., the Mifflin Township Police stopped appellant for a traffic offense. After running a check on appellant, the officer discovered that appellant had active felony warrants for his arrest. The officer placed appellant under arrest. Prior to conducting the search of appellant, the officers asked appellant if he had any weapons in his possession. Appellant told the officers that he had no weapons. As the officers were conducting the pat down, a .25 caliber semiautomatic pistol fell out of appellant's pant leg. The pistol was loaded and tested to be operable.
On May 14, 2001, appellant was indicted by the Franklin County Grand Jury on one count of carrying a concealed weapon, a violation of R.C.2923.12, and a felony of the fourth degree. On August 15, 2001, appellant entered a guilty plea to one count of attempted carrying a concealed weapon, a felony of the fifth degree. On September 24, 2001, appellant appeared for his sentencing and was sentenced to 11 months incarceration. It is from this judgment that appellant appeals, raising the following sole assignment of error:
 The trial court erred in imposing a term greater than the minimum period of incarceration, without making the findings mandated by R.C. 2929.14, upon a defendant with no prior history of imprisonment.
In his sole assignment of error, appellant claims that the trial court failed to make the requisite findings, pursuant to R.C. 2929.14(B), and failed to comply with the standards set forth in State v. Edmonson
(1999), 86 Ohio St.3d 324.
R.C. 2929.14(B) reads in part:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In Edmonson, the Ohio Supreme Court held that although R.C. 2929.14(B) does not require the trial court to give reasons for imposing more than the minimum sentence upon an offender who has not previously served time in prison, it must make the required statutory findings. That is, the trial court must find either, or both, that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.
In this case, appellant alleges that the trial court failed to enter a finding that the facts of the present case constituted the worse form of the offense. Appellant contends that the trial court relied on appellant's history prior to the commission of the present offense of attempted carrying of a concealed weapon in justifying the greater than minimum term of incarceration. At the sentencing hearing, prior to imposing sentence, the trial court stated:
 The probation officer found that the offender was out on bail before trial or sentence or under court sanction or post-release control or parole when this offense was committed; that he was charged with the instant offense while being arrested for failing to appear on a capias in the case he's currently on probation. Also finds that there are prior adjudications of delinquency. As to history of criminal convictions, that he had been convicted of attempted possession of criminal tools, attempted theft in '98 and receiving stolen property, which is the 6172 case.
 Court also finds that he's failed to respond in the past to probation or parole on those cases, and no genuine remorse. Court finds also on this case that he lied to the probation officer, police officer, that he had a loaded semiautomatic firearm on his person when he was stopped, but the Court finds there was no physical harm to persons caused, making the offense less serious. Court does find that the offense was committed while he was under some form of post-release control, community control, probation, or while released from custody on bond or personal recognizance. And it was committed while he was in possession of a firearm. (Tr. 5-6.)
The trial court sentenced appellant to 11 months incarceration. The shortest authorized prison sentence for a felony of the fifth degree is six months. R.C. 2929.14(A)(5). After the trial court imposed sentence, the following colloquy took place between the trial court and defense counsel:
 MR. NOWLAND [defense counsel]: Mr. Jones has not previously been incarcerated. I believe Senate Bill II would require that he be given a minimum sentence of six months. I don't think that there could be a finding that this was the worst form of the offense or — —
 THE COURT: Well, I didn't give him the maximum, but I am finding the fact that — for the reasons that I just gave, I am finding that a minimum would seriously demean the seriousness of the offense. He had a loaded firearm on him and he lied to the police officer.
 MR. NOWLAND: Your honor, that's the essence of a CCW. There cannot be any less egregious form of a CCW than the one that Mr. Jones committed. He did not pull the weapon or point it at anybody. He did nothing to aggravate the situation. I don't see how there can be a finding that this is the most egregious form of CCW. It's the essence of the CCW.
THE COURT: Okay, it's noted. (Tr. 7-8.)
We conclude that the above comments by the trial court do not comply with the requirements in R.C. 2929.14(B). The record does not amply support the trial court's sentence of a prison term longer than the shortest prison term (six months) authorized for the offense. R.C.2929.14(B) requires that if appellant has not previously served a prison term, that the trial court is to impose the shortest prison term authorized for the offense, unless the trial court finds one or both of the statutory reasons for exceeding the minimum term exist. Edmonson, supra.
It is undisputed that appellant has never served a prison sentence. The trial court failed to identify any aggravating circumstances that would warrant sentencing appellant to one month short of the maximum term of twelve months allowed under R.C. 2929.14(A)(5). While the trial court complied with Edmonson in stating one of the statutorily required phrases, i.e., "demean the seriousness of the offender's conduct," the record does not clearly and convincingly support the sentence imposed. Prior to sentencing appellant, the trial court stated that the offense was less serious because there was no physical harm caused to anyone. However, after sentence was imposed, the trial court merely stated that it was sentencing appellant to 11 months because a minimum sentence would seriously demean the seriousness of appellant's offense because he had a loaded firearm and he lied to the police officer. The offense of carrying a concealed weapon does require that the offender possess a loaded weapon. Furthermore, lying to one's probation officer, or to the police officer is not an aggravating circumstance that would warrant sentencing appellant to a sentence greater than six months.
Having reviewed the entire record, as required by R.C. 2953.08(F), we hold that the record in this case reveals that the trial court's stated reasons and findings do not support imposition of a prison term longer than the shortest term authorized for the offense. State v. Subramanian (Jan. 31, 2001), Mahoning App. No. 00 CA 75; State v. Denham (June 15, 2001), Greene App. No. 00-CA-73. Accordingly, appellant's sole assignment of error is well-taken and sustained.
For the foregoing reasons, appellant's sole assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with this opinion.
Judgment reversed and remanded for further proceedings.
TYACK, P.J., and DESHLER, J., concur.